ANDREW D. STOLPER (205462)
JASON M. FRANK (190957)
SCOTT H. SIMS (234148)
**FRANK SIMS & STOLPER LLP**
19800 MacArthur Blvd., Suite 855
Irvine, CA 92612
Telephone: (949) 201-2400
Facsimile: (949) 201-2405
Email: astolper@lawfss.com
Email: jfrank@lawfss.com
Email: ssims@lawfss.com

FRANKLIN D. AZAR (*pro hac vice*)
MICHAEL D. MURPHY (*pro hac vice*)
BRIAN HANLIN (*pro hac vice*)
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, CO 80014
Telephone: (303) 757-3300
Fax: (720) 231-5131
Email: azarf@fdazar.com
Email: murphym@fdazar.com
Email: hanlinb@fdazar.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK EDWARD VENNERHOLM II, REANNA ANN VENNERHOLM AND KATHLEEN BALDWIN individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO CASUALTY COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, AND GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendants | Case No.: 3:21-cv-00806-GPC-BLM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO AMENDED COMPLAINT** |

## I.    INTRODUCTION

Plaintiffs' counsel are always willing to grant reasonable extensions so long as the extension will not be used to gain a tactical advantage. Plaintiffs do not oppose an extension for Geico to ***answer*** or file a responsive pleading to the Amended Complaint. Instead, Plaintiffs oppose any extension of time that will allow Geico to gain a tactical advantage by seeking relief under the First-to-File Rule, in lieu of an answer or responsive pleading, and then arguing that judicial economy and the lack of progress in this case vis-à-vis the first filed case in the Eastern District of New York dictate transfer of this case to that district.

Geico's *Ex Parte* Application seeking an extension of time to respond to Plaintiffs' Amended Complaint should be denied because Geico has not established (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.

Contrary to Geico's contention, Plaintiffs never threatened to default Geico; Plaintiffs simply would not agree to the extension if Geico would use the extension to gain a tactical advantage by belatedly seeking relief under the First-to-File Rule, in lieu of an answer or responsive pleading. Inexplicably, on the one hand, Geico argues, without the support of a sworn statement, that its *Ex Parte* Application is necessary because Plaintiffs threatened to default Geico. Yet on the other hand, Geico contends, without citing to any authority, that its answer to the Amended Complaint was not even due. Geico reasons that the upcoming November 12 hearing on Geico's Motion to Stay these proceedings pending the JPML's decision on Geico's Motion to Transfer, somehow implemented a "litigation hold" such that not only was an answer not due, but the Amended Complaint was improperly filed.

As Geico well knows, the Court never issued an order staying these proceedings and there was no "litigation hold" whatever that may mean.

1

Nevertheless, Plaintiffs refrained from further litigating these proceedings until the JPML Panel entered its October 4 decision denying Geico's Motion to Transfer. Moreover, as Geico well knows, there is no need for a hearing on its Motion to Stay in view of the JPML Panel's October 4 decision, and Geico should have requested that the Court vacate the November 12 hearing on the Motion to Stay.

Thus, as shown herein, the Court should deny Geico's *Ex Parte* Application.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On April 23, 2021 -- almost **seven months ago**, Plaintiffs Mark Edward Vennerholm II and Reanna Ann Vennerholm (the "Vennerholm Plaintiffs") filed their Class Action Complaint alleging claims against Geico on behalf of California subclasses for violations of the California Consumer Privacy Act § 1798.150 *et seq.* ("CCPA") and for violation of the California Business & Professions Code, § 17200, *et seq.* ("§ 17200"). The Class Action Complaint also alleged claims against Geico on behalf of a national class for negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of implied contract, and breach of confidence. Plaintiffs' claims against Geico pertain to a data breach, which Geico has acknowledged, of Geico's online sales system between January 21, 2021 and March 1, 2021 (the "Data Breach").[1]

On May 11, Geico and the Vennerholm Plaintiffs filed a Joint Motion for Extension of Time (ECF 16) which the Court granted on May 12, 2021. ECF 18. Thereafter, on June 29, 2021, Geico filed a Motion to Transfer and Centralize Related Actions for Consolidation or Coordination of Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 ("Motion to Transfer"). *See* ECF 20. The next day, on June 30,

---

[1] Geico publicly acknowledged the Data Breach and revealed that fraudsters had obtained Geico customers' driver's license numbers and advised its customers to "be vigilant for incidents of fraud or identity theft by reviewing your account statements and credit reports for any unauthorized activity." Amended Complaint, Ex. C thereto. ECF 35-3.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO AMENDED COMPLAINT

2021, Geico filed a Motion to Stay Proceedings Pending JPML Consideration or Request for Extension of Time in the Alternative ("Motion to Stay"). ECF 23. Plaintiffs filed their Opposition to the Motion to Stay (ECF 29), and a hearing was scheduled for October 8, 2021. On September 27, 2021, the parties filed a Joint Motion for Order Continuing Hearing on Motion to Stay "in order to give more time for the JPML to rule on the Petition following the September 30 oral argument [before the JPML Panel]." ECF 31. The Court granted the Joint Motion on September 28, 2021, continuing the hearing to November 12, 2021. ECF 32. Thereafter, by Order entered October 4, 2021, the JPML Panel denied Geico's Motion to Transfer *See* ECF 33.

On October 12, 2021, counsel for Geico requested that the parties confer regarding Geico's proposed filing of a motion seeking relief under the First-to-File Rule, whereby Geico would seek to stay this case while the first case, *Mirvis v. GEICO*, a national class action pending in the Eastern District of New York alleging claims against Geico in connection with the Data Breach, move forward, or a voluntary transfer of this case to the Eastern District of New York. Declaration of Michael Murphy in Support of Plaintiffs' Opposition to Defendants' *Ex Parte* Application ("Murphy Decl."), filed herewith, ¶2 & Ex. 2. The *Mirvis* case does not allege any California subclass or claims under the CCPA or §17200. *Id.* Counsel for Geico also requested that the parties confer regarding a response date on the pending class action complaint. *Id.*

On October 15, 2021, counsel for Plaintiffs (Michael Murphy and Brian Hanlin) and counsel for Geico (Anne Edwards, Kristin Wenger and John Marino) conferred by telephone on the issue of Geico seeking relief under the First-to-File Rule. Murphy Decl., ¶3; Declaration of Brian Hanlin in Support of Plaintiffs' Opposition to Defendants' *Ex Parte* Application ("Hanlin Decl."), filed herewith, ¶2. Counsel for Plaintiffs advised counsel for Geico that Plaintiffs would oppose any motion to transfer under the First-to-File Rule. *Id.* Counsel for Plaintiffs further

advised counsel for Geico that Plaintiffs would be filing an amended complaint which would omit the national class common law claims, and instead plead only claims for violations of the CCPA and §17200. *Id.* Counsel for Geico acknowledged that it was Plaintiffs' right to file an amended complaint. *Id.* Later that same day, on October 15, 2021, Plaintiffs filed an Amended Class Action Complaint. ECF 35.

On October 19, 2021, counsel for Geico (Theodore H. Dokko) telephoned counsel for Plaintiffs (Michael Murphy) to confer regarding an extension of time for Geico to respond to the Amended Complaint. Murphy Decl., ¶4. Counsel for Plaintiffs inquired as to whether Geico intended to file an answer or file a motion seeking relief under the First-to-File Rule. *Id.* Counsel for Geico advised that he did not know the answer to this question and would need to check with his colleagues. *Id.* Counsel for Plaintiffs advised counsel for Geico that Plaintiffs would not agree to an extension if Geico desired an extension simply so that it could have more time to file a motion seeking relief under the First-to-File Rule. *Id.*

Over a week after the October 19 conferral call, and almost two weeks after Plaintiffs filed their Amended Complaint, counsel for Geico (Kristin Wenger) emailed counsel for Plaintiffs on October 27, 2021, noting that "[w]e saw the Amended Complaint that you filed as anticipated based on our recent call." In her October 27 email, counsel for Geico suggested having a call on Friday to discuss this issue, and stated "[a]lso, do not mind having a call on Friday or early next week if you'd like to discuss this case more generally." Murphy Decl., ¶5 & Ex. 2.

On Friday, October 29, 2021, at 3:30 PM Eastern, counsel for Plaintiffs (Michael Murphy and Brian Hanlin) and counsel for Geico (Ms. Wenger) conferred over the telephone regarding the requested extension. Murphy Decl., ¶6; Hanlin Decl., ¶3. Counsel for Geico stated that Geico's answer was due soon. *Id.* Counsel for Plaintiffs advised counsel for Geico that its answer was due that day. *Id.* Counsel for Plaintiffs pointed out to counsel for Geico that the proposed stipulation did not include a briefing schedule and that any opposition brief would run into the holidays.

Murphy Decl., ¶7; Hanlin Decl., ¶4. Although counsel for Geico agreed to an extended briefing schedule, counsel for Plaintiffs advised counsel for Geico that the salient issue was not the briefing schedule, but that this case has been lingering since April 2021, and that Plaintiffs needed to move the case along. *Id.* Counsel for Plaintiffs again advised counsel for Geico that it would not agree to an extension if Geico intended to use the extension to file a motion seeking relief under the First-to-File Rule in lieu of an answer. Murphy Decl., ¶8; Hanlin Decl., ¶5. Counsel for Geico advised counsel for Plaintiffs that Geico was weighing its options and still considering whether it would seek relief under the First-to-File Rule as opposed to filing an answer. *Id.*

Also, because counsel for Geico, in her October 27 email, volunteered to discuss this case more generally during the conferral, counsel for Plaintiffs requested that the parties begin initial discussions pursuant to Rule 26(f) so that this case could move forward and allow the parties to exchange Rule 26(a)(1) disclosures and conduct discovery. Murphy Decl., ¶9; Hanlin Decl., ¶6. In response, counsel for Geico stated that she would first need to confer with Geico and her colleagues. *Id.* Contrary to counsel for Geico's assertions, counsel for Plaintiffs neither advised counsel for Geico that it would move to default Geico if Geico failed to timely file an answer, nor misunderstood the October 29 conferral to be a Rule 26(f) meet and confer session. Murphy Decl., ¶10; Hanlin Decl., ¶7.

## III.   ARGUMENT

### A.   Standard for Granting an Ex Parte Motion.

"As a general principle, ex parte applications are solely for extraordinary relief and are rarely justified." *Fid. & Guar. Life Ins. Co. v. Albertson*, No. 307CV00045, 2009 WL 626582 (S.D. Cal. Jan. 22, 2009) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)). The expression "ex parte motion" is a term of art. In its pure form it means a request a party makes to the court without any notice to the other side. *Mission Power Eng'g*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND
TIME TO RESPOND TO AMENDED COMPLAINT

*Co.*, 883 F. Supp. at 490. An ex parte motion should be limited to instances "where notice to the adversary might nullify the ability ever to achieve the end sought." *Id*. ("If we alert them, they will move the yacht before we can seize it."). "Hybrid" motions, such as Geico's motion here, constitute "a request for action by the court made outside the framework of the rules." *Id*. "They contain no notice of hearing, though they often ask the court to hold a hearing urgently. They purport to have been served on the other side, and, under the local rules of this district, they contain a declaration of counsel stating that he or she notified the opposing party, usually by telephone, and that the opposing party does or does not oppose the motion." *Id*.

"The fact that opposing parties are usually given an opportunity to argue or file opposing papers does not mask the plain truth: these hybrid ex parte motions are inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system." *Id*. "These hybrid ex parte motions also bring out the worst instincts of the lawyers. The moving party's lawyer perceives it to be the unethical conduct of the opposing counsel that made it necessary to file its motion in the first place." *Id*. The ex parte motion "must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Id*. at 492. To justify ex parte relief, "[f]irst, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id*.; *see also City of Colton v. Am. Promotional Events, Inc*., No. CV 09-1864 PSG (SSx), 2014 WL 12740638, at *1 (C.D. Cal. June 11, 2014) (citing two-pronged test set forth in *Mission Power Eng'g Co*.).

**B.    Geico's *Ex Parte* Application Does Not Show Irreparable Prejudice or that Geico Is Without Fault in Creating What It Perceives as a Crisis Condition.**

Geico's *Ex Parte* Application does not establish that it will be irreparably

1    prejudiced if a motion is heard on the regular motion calendar. Nor does it establish

2    that Geico is without fault in creating what it perceives as a crisis condition.

3         Geico falsely asserts in its *Ex Parte* Application that an *ex parte* application

4    is required because Plaintiffs threatened to file a motion for default if Geico did not

5    timely answer the Amended Complaint. Plaintiffs never raised the issue of default

6    with Geico.[2] Instead, Plaintiffs merely advised Geico that it would not agree to an

7    extension if Geico would use the extension to seek relief under the First-to-File Rule,

8    as opposed to filing an answer.

9         The First-to-File Rule is a comity rule for resolving conflicts of jurisdiction

10   where parallel actions are filed in different federal district courts. It provides that

11   where substantially identical actions are proceeding in different courts, the court of

12   the later-filed action should defer to the jurisdiction of the court of the first-filed

13   action by either dismissing, staying, or transferring the later-filed suit. *SAES Getters*

14   *S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002). Exceptions to

15   the First-to-File Rule include, *inter alia*, judicial economy, the minimal difference

16   in time between the filing of the two actions, and the lack of progress in either

17   litigation. *Al-Or Int'l Ltd. v. Paul Morelli Design Inc.*, No. SA CV 99-983 DOC

18   (ANx), 1999 WL 1320317, at *5 (C.D. Cal. Nov. 30, 1999); *see also Barnes &*

19   *Noble, Inc. v. LSI Corp*., 823 F. Supp. 2d 980, 991 (N.D. Cal. 2011) ("Other

20   circumstances may also warrant a rejection of the first-to-file rule—*e.g.*, balance of

21   convenience or sound judicial administration.").

22        By requesting an extension so that it can seek relief under the First-to-File

23   Rule, Geico is posturing to attain an unfair tactical advantage and presumably will

24   argue that the lack of progress in this litigation and sound judicial administration

25   dictate that this case be transferred into *Mirvis* pending in the Eastern District of

26

27   ---
     [2] Notably, Ms. Wenger's declaration is careful not to state that counsel for Plaintiffs
     raised the issue of default during the conferral session. Instead, Geico asserts this
28   unsupported statement only in its Motion.

7

New York. Thus, contrary to Geico's argument, Plaintiffs' refusal to agree to an extension of time so that Geico can seek relief under the First-to-File Rule does not display a lack of civility contrary to Local Rule 2.1(a)(1). Instead, Plaintiffs' refusal to grant an extension in these circumstances is wholly consistent with Ex Parte Motions, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 12-F (cited by Geico in its Motion, at 5) that "[r]equests for initial extensions should not be unreasonably refused…[u]nless it would give defendant a strategic advantage and the matter is important...." [3]

Thus, an *ex parte* motion does not apply in these circumstances where Geico cannot show that it will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Moreover, Geico cannot show that it is without fault in creating the *crisis* that requires *ex parte* relief, or that the *crisis* occurred as a result of excusable neglect. Again, Plaintiffs would agree to a reasonable extension for Geico to file an answer or responsive pleading. However, Plaintiffs will not agree to an extension for Geico to simply keep kicking the can down the road to the detriment of Plaintiffs and the putative class by seeking to continue what it perceives to be a stay of this case and then file a motion a month from now seeking relief under the First-to-File Rule, in lieu of an answer.

---

[3] In its Motion, Geico questions whether the filing of the Amended Complaint by Plaintiffs was proper given that a "litigation hold" was still in place pending the November 12, 2021 hearing. (Motion, at 1). As noted above, prior to its *Ex Parte* Application, Geico never asserted that Plaintiffs' filing of the Amended Complaint was improper. Moreover, Geico cites no authority for its "litigation hold" argument. A litigation hold is to preserve documents that may be relevant to the litigation. *Sealey v. Chase Bank (U.S.A.), N.A.*, No. 19-CV-07710-JST, 2020 WL 5814108, at *2 (N.D. Cal. Sept. 29, 2020). Thus, a "litigation hold" has no application here. Moreover, in view of the JPML Panel's ruling denying transfer, there simply is no need for a hearing on the motion to stay which is now moot. Geico's failure to file a motion to vacate the November 12 hearing presumably is part of Geico's attempt to obtain a tactical advantage by continuing a stay (which does not even exist) so that it can avoid filing an answer and instead filing a motion a month from now seeking relief under the First-to-File Rule.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO AMENDED COMPLAINT

1

## IV. CONCLUSION

2
3

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Geico's *Ex Parte* Application.

4
5
6
7

Dated:  November 3, 2021                          Respectfully submitted,

8

                                                  */s/ Michael D. Murphy*
                                                  Michael D. Murphy
                                                  Franklin D. Azar
9                                                 Brian Hanlin
                                                  **FRANKLIN D. AZAR &**
10                                                **ASSOCIATES, P.C.**

11                                                Andrew D. Stolper
                                                  Jason M. Frank
12                                                Scott H. Sims
                                                  **FRANK SIMS & STOLPER LLP**
13
14                                                *Attorneys for Plaintiffs Mark*
                                                  *Edward Vennerholm II & Reanna*
15                                                *Ann Vennerholm*
16
17
18
19
20
21
22
23
24
25
26
27
28

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

I, Michael D. Murphy, hereby certify that on November 3, 2021, I authorized the electronic filing of the foregoing, PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO AMENDED COMPLAINT using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List maintained by this Court.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 3, 2021, at Golden, Colorado.

By:    /s/*Michael D. Murphy*
       Michael D. Murphy

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND
TIME TO RESPOND TO AMENDED COMPLAINT