UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK EDWARD VENNERHOLM II, REANNA ANN VENNERHOLM, AND KATHLEEN BALDWIN, individually and on behalf of a class of similarly situated individuals,<br>Plaintiff,<br>v.<br>GEICO CASUALTY COMPANY; GEICO INDEMNITY COMPANY; GEICO GENERAL INSURANCE COMPANY, AND GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br>Defendants. | Case No.: 21-CV-806-GPC<br>**ORDER:**<br>**(1) GRANTING DEFENDANTS' MOTION TO STAY ACTION PURSUANT TO FIRST-TO-FILE RULE;**<br>**(2) STAYING THIS ACTION AND VACATING OPERATIVE SCHEDULING ORDER AND PRETRIAL DEADLINES; AND**<br>**(3) DIRECTING PARTIES TO FILE STATUS REPORT EVERY 90 DAYS**<br>**[ECF No. 40]** |

/ /

/ /

/ /

/ /

/ /

## INTRODUCTION

Before the Court is Defendants' Motion to Stay or Transfer Pursuant to the First-to-File Rule. ECF No. 40-1. Plaintiffs filed a response in opposition to the motion. ECF No. 42. Defendants replied in support of the motion. ECF No. 44. For the reasons stated below, the Court hereby **GRANTS** Defendants' motion to stay this action pending the result of the litigation in the Eastern District of New York.

## BACKGROUND

Defendants move to stay this action pursuant to the first-to-file rule, or in the alternative, to transfer this action to the Eastern District of New York. ECF No. 40-1. As Defendants set forth in their moving papers, this action filed by Plaintiffs is one of five putative class actions related to the same alleged data breach of GEICO's online sales system in early 2021. *See* ECF No. 40-1 at 6.

After GEICO announced the data security incident in 2021, five putative class action lawsuits were brought by Plaintiffs in three different district courts. *See id.* The first action, *Mirvis et al. v. Berkshire Hathaway et al.*, No. 21 Civ. 2210 (KAM) (RML) was filed in the Eastern District of New York on April 21, 2021. Plaintiffs in this action filed this lawsuit on April 23, 2021. *See* ECF No. 1. Thereafter, two additional class actions were filed in the Eastern District of New York,[1] and a fifth lawsuit was filed in the Southern Division of the District of Maryland.[2]

On June 29, 2021, Defendants moved the Judicial Panel on Multidistrict Litigation to transfer and centralize the pending actions in the Eastern District of New York for management of pre-trial proceedings, pursuant too 28 U.S.C. 1407. *See* ECF No. 20; *In re GEICO*, MDL No. 3013. The JPML declined to consolidate and transfer the pending actions to the Eastern District of New York, but agreed with Defendants that the cases

---

[1] *Brody v. Berkshire Hathaway, Inc. and GEICO*, No. CV 21-02481 (KAM) (RML) ("the *Brody* Action") and *Viscardi v. GEICO et al.*, No. CV 21-02481 (KAM) (RML) ("the *Viscardi* Action").
[2] *Connelly v. Berkshire Hathaway, Inc. et al.*, No. 8:21-CV-00152 (TDC) ("*Connelly* Action").

"share common issues of fact, including how the GEICO breach occurred, what security measures were in place at the time of the breach, and what steps were taken by GEICO in response to the breach." *See* ECF No. 33 at 1. In the wake of the JPML order, the plaintiffs in the *Viscardi*, *Brody*, and *Connelly* actions either voluntarily transferred or consented to the transfer of their cases to the Eastern District of New York, under District Judge Matsumoto, presiding over the litigation under the name GEICO Customer Data Breach Litigation. *See* ECF No. 40-1 at 8. In this case, Plaintiffs have not agreed to voluntarily transfer the case to the Eastern District of New York, and they oppose Defendants' motion. ECF No. 42.

**DISCUSSION**

The first-to-file rule is a "recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citing *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 749 (9th Cir. 1989)). The Ninth Circuit has said that when an action concerning similar parties and issues is already pending, "no purpose would be served by proceeding with a second action." *Pacesetter Sys.*, 678 F.2d at 93. "If the case meets the requirements of the first-to-file rule, the court has discretion to transfer, stay, or dismiss the action." *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1381 (S.D. Cal. 2014). The court considers three factors to determine whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 123, 1240 (9th Cir. 2015). The Ninth Circuit strongly counsels that the first-to-file rule is within the district court's discretion, but "should not be disregarded lightly," *id.*, because "courts should be driven to maximize 'economy, consistency, and comity.'" *Id.* at 1239-40.

In this case, it is clear that the *Mirvis* action filed on April 21, 2021 in the Eastern District of New York was the first-filed action. As to the second factor, the parties in the

cases at issue need not be identical. *See Kohn*, 787 F.2d at 1240. Here, the proposed classes represented by Plaintiffs and by the plaintiffs in the *Mirvis* action, are substantially similar because the *Mirvis* class ("all individuals residing in the United States whose Personal Identifiable Information was compromised in the data breach….) completely subsumes the proposed *Vennerholm* class ("All individuals residing in California whose personal or financial information was accessed, compromised or stolen in the Data Breach."). As such, if certified, the *Mirvis* class would also represent the members of the proposed *Vennerholm* class, making the classes duplicative.

The final factor considers whether the actions involve similar issues. In opposing the motion, Plaintiffs argue that the facts underlying the California state-law claims, including those under the California Privacy Protection Act (CCPA), differ from the *Mirvis* action, making transfer is inappropriate. ECF No. 42, Opp., at 16. Upon the Court's review of the other four actions, it is true that none asserts a California state-law claim, but each raises breach or invasion of privacy under New York state law or the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq*.

Defendants counter that Plaintiffs' California state-law claims, including the CCPA claims, are not a sufficient basis to defeat Defendants' motion, because the underlying facts of the cases are substantially similar, and require resolution of the same legal and factual issues—most critically, whether Defendants' security measures prior to the breach, and the response following the breach, were sufficient. ECF No. 44, Reply, at 4. Defendants cite to a recent case from the Central District of California, in which Plaintiff alleged a data breach violated California common law, the CCPA, California's Unfair Competition Law, among other claims. *Mullinix v. US Fertility, LLC*, 2021 WL 4935976 (C.D. Cal. June 8, 2021). In that case, a parallel action based on the same data breach was filed in Nevada, asserting Nevada state-law claims. *Id.* *2. The district court held that, despite the distinct state laws under which plaintiffs brought claims, including the CCPA, "the core theory for both cases is the same, as the plaintiffs allege that US fertility failed to adequately safeguard its patients' sensitive information leading to

personal and financial harm to the plaintiffs and their personal information" and the key issue to be litigated—whether Defendant took adequate steps to protect patient information—was the key issue to be litigated in both actions. *Id.* *3. As such, the Court granted the defendant's motion to transfer. *Id.*

This case is very similar to the *Mullinix* case, and the Court adopts that court's reasoning to resolve this motion. Because "[t]his factor does not require total uniformity of claims but rather focuses on the underlying factual allegations," *Zimmer v. Domestic Corp.*, 2018 WL 1135634, at *4 C.D. Cal. Dec. 22, 2018), the core theory is what drives the analysis. *Id.* Here, the five pending actions all implicate questions of how the GEICO breach occurred, the security measures in place at the time of the breach, and how GEICO responded to the breach. As the JPML held, these actions "share common issues of fact." ECF No. 33 at 1. Notwithstanding the differences between the CCPA and the New York General Business Law and analogous claims asserted in the other four actions, the factual allegations are substantially similar, and allowing this case to continue in this district would be "duplicative litigation" that threatens "the possibility of conflicting judgments," which the first-to-file rule seeks to avoid. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). Accordingly, Defendants have demonstrated that the first-to-file rule applies to the instant action, and that no recognized exceptions apply.

As discussed above, when the first-to-file rule properly applies, the district court has discretion to stay or transfer the case. Staying this case pending resolution of the other four actions would conserve judicial resources and promote efficiency, the over-arching aims of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1. As this case is the undisputed later-filed case, and the GEICO Consumer Data Breach Litigation has proceeded in the Eastern District of New York following the voluntary transfer of the individual cases to that district, the Court finds that it would be most appropriate and prudent to stay the *Vennerholm* Action, pending resolution of the factual and legal issues in the consolidated litigation.

The Court hereby STAYS this Action pending the resolution of the GEICO Consumer Data Breach Litigation in the Eastern District of New York. The Parties are DIRECTED to file a status report describing the progress of the consolidated litigation every 90 days. The Court further VACATES the operative scheduling order and all pending pretrial deadlines.

**IT IS SO ORDERED.**

Dated: May 26, 2022

Hon. Gonzalo P. Curiel
United States District Judge